Joseph S. Stacey, OSB#030406
jstacey@maritimelawyer.us
James P. Jacobsen, OSB#102778
Jjacobsen@maritimelawyer.us
Stacey & Jacobsen, PLLC
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Telephone 206.282.3100
Fax 206.282.1149
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISON**

ALBERT MONGE, individually,

Plaintiff,

vs.

CHELLISSA FISHERIES, LLC and DAWN FISHERIES LLC, *in personam* and F/V DAWN, O.N. No. 532081, her gear, appurtenances, equipment, tackle, permits, licenses, *in rem,*

Defendants.

**IN LAW AND ADMIRALTY**

**Case No. 6:22-cv-00528-AA**

**SEAMAN'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURY UNDER THE JONES ACT, 46 USC § 30104, AND THE GENERAL MARITIME LAW**

Rule 28 USC 1916 Seaman to Sue Without Prepayment of Costs

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff **ALBERT MONGE**, (*hereinafter*, "Plaintiff"), by and through his counsel of record, Joseph S. Stacey and James P. Jacobsen of Stacey & Jacobsen, PLLC, alleges for his Complaint against defendants **CHELLISSA FISHERIES, LLC and DAWN FISHERIES LLC** (*hereinafter*, "Chellissa" or "Dawn Fisheries" or "Defendants *in personam*") and F/V DAWN, *in rem* as follows:

//
//



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

## I. JURISDICTION & VENUE

1.1 This is a claim for personal injuries sustained by a seaman in the course and scope of his employment aboard a commercial fishing vessel F/V DAWN (the "Vessel" or "Defendant *in rem*). Plaintiff brings this action against his employer and owner/operator of the vessel *in personam* and against the Vessel *in rem*. Plaintiff was a seaman within the meaning of the Merchant Marine Act of 1920, 46 U.S.C. § 30104, *et. seq.*, commonly known as the Jones Act. Jurisdiction is vested in this Honorable Court pursuant to 46 U.S.C. § 30104, which incorporates by reference 45 U.S.C. § 56 (providing for Federal Court Venue), and under general maritime law.

1.2 Plaintiff Albert Monge is a citizen of the State of Alaska. The Defendants *in personam* drafted a contract of employment for Plaintiff. The contract of employment has a forum selection clause which requires Plaintiff to file in this District.

1.3 On information and belief, the Vessel will be, during the pendency of this action, within this District. The procedures that govern this *in rem* action are found in Supplemental Rules For Admiralty Or Maritime Claims and in particular Rules C and E.

## II. THE PARTIES

2.1 Plaintiff was, at all relevant times a "Jones Act" seaman serving as a deckhand in the service of F/V DAWN.

2.2 Defendant Chellissa does business in Oregon and is licensed to do business in the State of Alaska.

2.3 At all relevant times, Defendant Chellissa owned F/V DAWN.

2.4 At all relevant times, Defendant Chellissa operated F/V DAWN.

2.5 At all relevant times, Defendant Chellissa controlled F/V DAWN.

2.6 At the time of Plaintiff's injury, Defendant Chellissa employed Plaintiff.



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

2.7 At all relevant times, Defendant Dawn Fisheries owned F/V DAWN.

2.8 At all relevant times, Defendant Dawn Fisheries operated F/V Dawn.

2.9 At all relevant times, Defendant Dawn Fisheries controlled F/V Dawn.

2.10 At the time of Plaintiff's injury, Defendant Dawn Fisheries employed Plaintiff.

2.11 Defendant Vessel has an Official Number 532081 and will be, on information and belief, within this jurisdiction sometime during the pendency of this action.

## III. LIABILITY

3.1 On or about March 27, 2022, while in the course of his employment with the Defendant Chellissa and/or Defendant Dawn Fisheries and while in the service of F/V DAWN, Plaintiff Albert Monge was injured as a result of the negligence of the Plaintiff and/or the unseaworthiness of F/V DAWN. Plaintiff breached State and/or Federal laws and/or safety regulations, as described more fully below, and which is also referred to as negligence and/or unseaworthiness.

3.2 F/V DAWN is a "trawler" fishing vessel.

3.3 F/V DAWN was preparing to deliver its catch of fish to the Trident Seafoods cannery in Kodiak, Alaska just prior to the time of Plaintiff's injuries. For some unknown reason, F/V DAWN was unable to deliver to the Trident Seafoods cannery at its usual dock as expected.

3.4 While waiting for an opening to deliver its catch to the Trident Seafoods cannery, Defendant F/V Dawn decided to tie up the Vessel at the Kodiak City Dock (the "Dock").

3.5 The Dock is a flat-faced dock, meaning the dock's face is flush with no pilings, fenders, or dolphins or any structure or device to create space between a vessel and the dock's face.

3.6 F/V DAWN was not equipped with buoys or fenders of its own.



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

3.7 At the time of Plaintiff's injury, F/V DAWN did not have any buoys on the Vessel customarily used to ensure/create distance between the Vessel and the dock face.

3.8 F/V DAWN had a practice of not using buoys when docking.

3.9 On March 27, 2022, F/V DAWN was attempting to tie up at the Dock in Kodiak with only the captain and Plaintiff aboard. The captain ordered the third crewmember to perform certain tasks ashore.

3.10 With one of the crewmembers on shore performing tasks ordered by the captain, the Vessel was undermanned for the job at hand, namely docking at the Kodiak City Dock.

3.11 Just prior to his injury, the Vessel's captain ordered Plaintiff to a position aft of the Vessel's bow to tie the Vessel's first mooring line.

3.12 Plaintiff was ordered to grab the mooring line and reach over the Vessel's rail to thread the mooring line through a chock.

3.13 This task required Plaintiff to put his arm between the Vessel and the Dock.

3.14 The Vessel's rail was at a height that Plaintiff could not easily thread the mooring line through the chock, located near the deck of the Vessel.

3.15 When Plaintiff was injured, the captain had the Vessel in gear.

3.16 The Vessel and Defendant Chellissa and/or Defendant Dawn Fisheries did not place buoys or equip the Vessel with buoys that could be deployed between the Vessel and the Dock to ensure that the crewmember did not get pinched between the Vessel and Dock.

3.17 While Plaintiff had his arm outside the Vessel's rail attempting to thread the mooring line through the chock, as ordered, the Vessel under power moved closer to the Dock.

3.18 The Vessel also was pushed toward the dock by wind.



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

3.19 At close to midnight on March 27, 2022, while Plaintiff was preforming his duties as ordered attempting to thread the mooring line through the chock, the Vessel came into contact with the Dock, pinching and crushing Plaintiff's arm between the two.

3.20 As a result of Defendants' negligence and the vessel's unseaworthiness, Plaintiff's left arm was severely injured.

3.21 After having his arm crushed, Plaintiff was required to stay on board for ninety minutes before the captain was able to get Plaintiff off the Vessel. This delay caused additional damages and pain and suffering.

3.22 Plaintiff's arm was so severely injured, Plaintiff had to have his arm surgically amputated at Kodiak Community Hospital.

3.23 Plaintiff was transported to Providence Medical Center in Anchorage. There, Plaintiff had to undergo additional amputations of additional parts of his arm and additional surgeries.

## IV. <u>NO COMPARATIVE FAULT</u>

4.1 Plaintiff was acting in the manner in which he was instructed by Defendants. Plaintiff was following a direct order from his superior when injured and therefore cannot be held comparatively at fault.

## V. <u>NO ASSUMPTION OF THE RISK</u>

5.1 Plaintiff Albert Monge was a seaman and, as a matter of law, cannot assume the risk of injury.

## VI. <u>MAINTENANCE, CURE, UNEARNED WAGES</u>

6.1 Defendants *in personam*, by reason of the injuries received by Plaintiff in the course of his employment on board F/V DAWN, is liable to Plaintiff for his provable entitlements. The



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Vessel *in rem* is also liable for the payment of entitlements of maintenance, cure, unearned wages, and other entitlements.

6.2 Plaintiff's condition is still improving and will continue to improve into the future.

## VII. DAMAGES

7.1 As a direct and proximate result and/or legal cause of the negligence of the Defendants *in personam*, and the unseaworthiness of F/V DAWN, Plaintiff Albert Monge sustained multiple injuries, including but not limited to his left arm resulting in amputation. Plaintiff has undergone at least three surgeries as of the time of this filing and is expected to undergo additional surgeries. The full extent of his injuries is presently undetermined. Plaintiff has suffered pain, suffering, anguish, and permanent disability in the past and will in the future. He has incurred medical expenses in the past and likely will in the future. The full extent of the permanent impairment to his wage-earning capacity is presently undetermined. He has lost wages in the past and will lose wages in the future. He will suffer additional economic damages including the costs of extra services, retraining, and special assistance. Plaintiff will require retraining.

7.2 Defendants' Vessel was in navigation at the time of Plaintiff's injury.

7.3 Plaintiff's injury on the Defendants' Vessel gives rise to a Priority Lien on F/V DAWN pursuant to 46 U.S.C 31301(5)(B).

## VIII. JURY DEMAND

8.1 Pursuant to F.R.C.P. 38 and the "Jones Act," 46 U.S.C. § 30104, a demand is hereby made that the above-captioned case be tried by a jury.

**WHEREFORE**, Plaintiff prays for a judgment, in accordance with the evidence to be presented at the time of trial and as may be permitted under Supplemental Admiralty Rules C and E, including arrest and sale of Defendant *in rem,* the General Maritime Law, and the Jones Act,



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

for all general and special damages permitted under the law, including but not limited to, pain and suffering, mental anguish, loss of enjoyment of life, loss of income and earning capacity, retraining costs, loss of services, past and future medical care, and all other special and general damages, including maritime prejudgment interest and taxable costs.

DATED this 11th day of April, 2022.

STACEY & JACOBSEN, PLLC

By: */s/ Joseph S. Stacey*____________

Joseph S. Stacey, OSB#030406
jstacey@maritimelawyer.us
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Telephone 206.282.3100
Fax 206.282.1149
***Attorneys for Plaintiff***

STACEY & JACOBSEN, PLLC

By: /s/ James P. Jacobsen____________

James P. Jacobsen, OSB#102778
jjacobsen@maritimelawyer.us
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Telephone 206.282.3100
Fax 206.282.1149
***Attorneys for Plaintiff***

## VERIFICATION

Joseph S. Stacey, being first duly sworn, deposes and sayeth: that he makes this Verification and that he has read the foregoing complaint and that all the facts and allegations therein are true and correct to the best of his knowledge under penalty of perjury of the laws of the United States of America. That he, as the attorney for Albert Monge, is authorized to make to this verification on behalf of the Plaintiff.

DATED this 11th day of April, 2022.

____________________________________________

Joseph S. Stacey, OSBA#030406



STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100